## Pieper's Trustee v. Chevrolet Motor Co.

Nov. 14, 1941.

306

James Park and Marcus C. Redwine for appellant.

Jouett & Metcalf for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The stormy course of this litigation is recounted in our opinion reported in 280 Ky. 276, 132 S. W. (2d) 926, in which we held that the evidence adduced was insufficient to establish the agency of the individual, the breach of whose alleged contract on behalf of the Motor Company constituted the gravamen of the claim asserted. Accordingly, we reversed the judgment in favor of Pieper's Trustee in Bankruptcy and remanded the case to the Circuit Court for consistent proceedings. It will be observed that no question as to the right or authority of the Trustee to prosecute the cause of action was raised or considered on the appeal, although an examination of the record discloses that the Motor Company had objected to the filing of the Trustee's intervening petition without assigning any reason for the objection and reserved an exception to the Court's order permitting it to be filed.

After the return of the case to the Circuit Court following the reversal, the Motor Company, so counsel allege, discovered that the Trustee on May 5, 1932, some four and one-half years prior to his intervention in the action, had settled his accounts as trustee and been discharged. Thereupon, the Motor Company, in advance of a trial on the merits, moved the Court to set aside the order filing the intervening petition and to strike the intervening petition and the Trustee's subsequent pleadings from the record. In support of its motion the Motor Company filed certified copies of the Referee's order

of May 5, 1932, closing the bankrupt estate, together with certified copies of the Referee's and Trustee's final reports bearing the same date. The Trustee responded, setting forth the trial of the action in the Federal Court to which it had been removed, the trial in the State Court after it had been remanded to that tribunal by the Federal Court, and the former appeal to this Court, emphasizing the failure of the Motor Company to raise any objection to the Trustee's authority to act other than by objecting to the filing of the intervening petition, and insisting that since that objection and the Court's order overruling it were not called to this Court's attention on the former appeal, or passed upon by this Court in its opinion, the Law of the Case Rule precluded any inquiry into the right of the Trustee to proceed with the litigation. The court, without writing an opinion, sustained the Motor Company's motion and struck the Trustee's intervening petition and other pleadings from the record. Upon the Trustee's declination to plead further, the Court dismissed the action, and it is from that judgment that this appeal is prosecuted.

Numerous authorities bearing upon the applicability of the Law of the Case Rule to the facts presented are cited by the litigants, but we deem it unnecessary to consider them in view of the following facts:

The copies of the records of the bankruptcy proceedings filed as exhibits do not substantiate appellee's basic assertion that the Trustee was discharged, or that his authority to intervene in the action was terminated. It is true that the Trustee in his "Final Report" of May 5, 1932, recited the collection of assets, the payment of claims and expenses, and the sale for $10 of the "Accounts" which he was unable to collect, and concluded with the statement: "he has no more assets to be administered herein, and he asks that he be finally discharged." It is also true that the Referee's "Final Report" bearing the same date recites and summarizes the administration of the estate, and that the "Closing Order" signed by the Referee reads: "There being nothing else to do in this case, it is ordered that it be now finally closed." But nowhere does there appear to have been entered any order discharging the Trustee or releasing his bondsman as is customary, or any reference to the order entered on March 28, 1932, filed as an

exhibit by the Trustee, authorizing him to intervene in the present action, to take charge of the litigation and prosecute it to a conclusion, and to report his actions to the Bankruptcy Court. In the light of this order and the actions of the Trustee thereunder, we are constrained to interpret the record of the proceedings of May 5, 1932, as showing merely that all of the ordinary and routine duties of the Trustee had been performed, and the estate which had come into his possession accounted for. Perhaps the reports of May 5, 1932, should not have been styled "Final," and the "Closing Order" should have excepted from its operation the proceedings directed to be instituted by the order of March 28, 1932; but, it is common practice for referees in bankruptcy to follow "forms," and we prefer in this case to treat the use of the phrases referred to as technical error rather than to treat the failure of the referee to enter a formal order discharging the Trustee as a technical omission. Under other circumstances, where the intention of the parties and officials was clear, we might be inclined to disregard the failure of the referee to enter an order formally discharging the Trustee, since there is no positive requirement of the Bankruptcy Act or the authoritative decisions on the subject. The entry of a formal order of discharge possibly may be a technical requirement, but we prefer to hold it essential where otherwise possible benefits to the bankrupt estate would be defeated by technicalities. As heretofore indicated, we have been unable to find any controlling authorities on the subject, but we are strengthened in the conclusions reached by the express provision of Section 2, Capter 2 of the Bankruptcy Act, 11 U. S. C. A., Section 11, conferring jurisdiction upon courts of bankruptcy (subsection 8) to "close estates, whenever it appears that they have been fully administered, by approving the final accounts and *discharging the trustees,* and reopen them whenever it appears they were closed before being fully administered." (Italics ours.)

Appellee's counsel insist, and cite authorities upholding their insistence, that once discharged, the trustee is without further power to act, and that the only remedy of the creditors is to petition for the re-opening of the estate and the election or appointment of a new trustee. So much may be conceded; but the question here is not the consequences which might have ensued

from the discharge of the trustee, but whether the trustee was, in fact, discharged. Indeed, the whole argument of appellee's counsel is predicated upon the assumption that the Trustee was discharged.

Judgment reversed for proceedings consistent with this opinion.