## Pieper's Trustee (Hamilton) v. Chevrolet Motor Co. et al.

Dec. 4, 1942.

836

Marcus C. Redwine and James Park for appellant.

B. R. Jouett for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

This action has roamed—since its launching—through all the courts possessing original jurisdiction of the questions involved, including the Clark circuit court wherein it was filed; three trips to this court (including the instant one) and also through the Federal District Court for the Eastern District of Kentucky. It was originally filed by George Pieper against the instant appellee, Chevrolet Motor Company, and its superintending agent for the territory, (one Cutter), in which plaintiff sought judgment against defendants for damages flowing from a breach of an alleged contract which plaintiff averred defendants made with him to purchase his stock of automobile parts, acquired by him prior thereto as a local salesman of Chevrolet automobiles with location in the city of Winchester, Kentucky. The amount of damages sought to be recovered was above the amount necessary for the removal of the case to the proper Federal District Court, and on motion of defendants it was transferred to that court for the Eastern District of Kentucky, where a trial was had, resulting in a verdict for plaintiff in the sum of $2650. The Federal Judge who presided at that trial concluded, after the return of the verdict, that both the testimony and the amount of the verdict clearly demonstrated that in no event were the proven damages sufficient in amount to give that court jurisdiction of the cause on removal from a state court. He, therefore, set aside the verdict and sustained a motion to remand the case back to the Clark circuit court.

A trial was had resulting in a judgment for plaintiff, from which an appeal was prosecuted to this court, and in the case of Chevrolet Motor Co. v. Pieper's Trustee,

reported in 280 Ky. 276, 132 S. W. (2d) 926, we reversed the judgment upon the ground that the court erred in not sustaining defendants' motion for a directed verdict in their favor. In the meantime Pieper became a bankrupt and the bankruptcy court appointed O. L. Hamilton as his trustee. He, pursuant to an order of that court, intervened in the action then pending in the Clark circuit court as party plaintiff. After the mandate from this court following the reversal on the appeal supra, defendants moved to strike the intervening petition of the bankrupt's trustee on the ground that he had theretofore been discharged as trustee, and made a final settlement as such, which, it was insisted, disarmed him of any authority to intervene in the case. That motion was sustained by the Clark circuit court and the action was dismissed. On appeal from that judgment by the trustee we reversed it on the ground that the trustee at the time of his intervening in the cause was still vested with jurisdiction over the bankrupt's estate, and that the Clark circuit court erred in determining otherwise. See our opinion in 288 Ky. 305, 156 S. W. (2d) 131.

After filing this court's mandate following our reversal of the judgment of the Clark circuit court, on the second trial therein another—and third trial of the case —was had in the same court wherein the judge at the close of plaintiff's testimony on motion of defendant (Chevrolet Motor Company) sustained its motion for a directed verdict in its favor, followed by a verdict in accordance therewith, and dismissal of plaintiff's petition, and from that judgment this appeal is prosecuted.

At the outset we are confronted with a motion by appellee to dismiss the appeal because the original record reviewed by us in the 280 Kentucky case, supra, had not in any manner been made a part of the instant record, neither in the circuit court, nor in this court, and the schedule for the instant appeal directed that only the orders made following the last reversal by us be copied by the clerk,—which, of course, would not require the original record that was before us when the opinion in the 280 Kentucky case was rendered, to be copied. The next record brought to this court disposing of our opinion supra, reported in 288 Kentucky, did not embrace the original record reviewed by us in our first opinion. Therefore, appellee insists that none of the pleadings, nor any of the evidence heard at the trial of the action

on its merits, including the judgment in which we reversed in our first opinion supra, is now before us, it not having been made a part of the instant record in conformity with rule III, subsection 15, of the rules of this court. That motion was passed to a hearing on the merits of the appeal and presents the first question for consideration.

It is doubtful if the absent record referred to may be considered by us for the reason stated, but we have concluded to pass the question without determining it, and for the purpose of this appeal to treat the question presented as if the record was complete in all respects. We are lead to do so because our opinion reported in 280 Kentucky sets out fully and completely the evidence heard at that trial, as well as all issues, both of law and fact therein complained of. The recitation we have made renders it unnecessary to further refer to our opinion on the last appeal reported in 288 Kentucky, and to which we will adhere in the disposition of this appeal.

It is shown by the first appeal supra, that plaintiff, George Pieper, at the time of the transactions here involved, had been employed by defendant, Chevrolet Motor Company, as its local agent at Winchester, Kentucky, and that his contract of employment provided that either party thereto might terminate it upon thirty days notice to the other one. Pieper, in the meantime, had become insolvent, and had not properly exerted himself as defendant's agent in the sale of automobiles, which caused defendant to desire a termination of the contract and to substitute another as its local agent in Winchester, Kentucky. In the meantime Pieper had acquired a stock of automobile parts for the Chevrolet automobile, which he owned individually and not as agent for the defendant. Also, in the meantime, defendant negotiated a contract with one Swope to take over its local agency; but he would not agree to do so unless the transfer could be made to him immediately and which involved the elimination of the thirty days notice specified in the contract with Pieper. Therefore, since Pieper could not use his automobile parts after the loss of his agency he would not agree to the immediate transfer unless a purchaser was found for them. One Stanfill, a supervising agent for defendant, began negotiating with one Swope to purchase the parts from Pieper—or to satisfy him so that he would immediately release his agency without the con-

tractual notice therefor. Stanfill finally succeeded in obtaining an agreement from Swope to take over Pieper's Chevrolet parts, but he later declined to do so, on advice of counsel that the purchase of them would be in violation of our Bulk Sales Statute, KRS 377.010 et seq., and the parts were thus left in the possession of Pieper, although in the meantime the agency had theretofore been transferred to Swope.

Thereafter this action was filed by plaintiff, in which he alleged that Stanfill, as agent for his principal (Chevrolet Motor Company) had verbally purchased the parts from him, and that he never consented to any contract with reference thereto with Swope—all of which is recited in our opinion on the first appeal of the case, and in which we held that the actions of defendants' agent, Stanfill, in trying to enable Pieper to dispose of the involved property was done and performed for the benefit of Pieper with no intention and purpose of obligating his principal to purchase the property. Defendant—as shown in our first opinion—denied (a) the authority of Stanfill to enter into any such contract for it, and (b) it denied that he had ever done so, and which conclusion, we repeat, was sustained by us in our first (280 Ky.) opinion.

On the trial now under review plaintiff introduced mainly the same witnesses who testified on the first trial, introducing, however, some new witnesses testifying to the same facts as were testified to on the first trial, and which were not contradicted by counter-testimony. The witnesses who testified at both trials elaborated to some extent on their testimony heard at the first trial, but which does not alter the character of proof heard at the first one. The new witnesses introduced by plaintiff at the instant trial gave cumulative testimony to that which was given by the old witnesses, even after their elaboration thereof on the instant trial. So that, the legal issues arising from the proof involved in the absent record as rehearsed in our first opinion supra, were the same at the end of plaintiff's testimony heard at the last trial now being reviewed.

We will not attempt to set out what counsel denominates as the "new" testimony, since it is clearly of the nature and kind we have stated. It, therefore, follows that the "Law of the Case" rule is determinative on

this hearing. In so stating we would not be understood as disagreeing with our conclusion expressed on the first appeal supra. If, however, we did entertain doubts of the correct conclusion reached by us on the first appeal the rule referred to mandatorily requires that our former conclusion should govern the disposition of the instant appeal in accordance with our first determination of both factual and legal issues involved in the case. That conclusion has so often been repeated by this court without dissent that we deem it unnecessary to cite cases in support thereof.

Pieper—as recited in our first opinion—became aware as to who was the actual agreed purchaser of the involved articles before he agreed to surrender his agency until the expiration of the required thirty day notice, and which fact is fully supported by the evidence heard upon the last trial now being reviewed. It, therefore, becomes unnecessary to consider contention (b) supra, to the effect that Stanfill in no event possessed authority to enter into the contract sued upon for and on behalf of his principal, the defendant Motor Company. In the meantime Cutter in some way became eliminated from the case, and there is no appeal from any order or action of the trial court by which that was done, the only appellee being the corporate defendant, Chevrolet Motor Company.

Wherefore, for the reasons stated, the judgment is affirmed.